McLeod & McGrath v. Capell.

McLEOD & McGRATH v. CAPELL.

· 1. LIEN. *Mechanic's. Sub-contractor entitled to without written notice.* Where a sub-contractor gives the owner of a house being built, verbal notice that he looks to him for payment of his services rendered on the building, written notice is not necessary in order to entitle him to the mechanic's lien, as the act of 1859 repeals sec. 1986 of the Code, under which a notice in writing was necessary.

    Cases cited: Greenwood v. Tenn. Manf'g Co., 2 Swan, 136; Barnes v. Thompson, 2 Swan, 315; Alley & Bush v. Lanier, 1 Col., 541; Brown v. Brown, 2 Sneed, 437.

    Code cited: Secs. 1981–5–6 and 1981 a.

2. SAME. *Attachment Ancillary.* The recitals necessary in ancillary attachments and affidavits are not required in the attachments and affidavits in cases for the enforcement of mechanics' liens, as the facts are required to be stated in the bill and sworn to.

    Case cited: Brown v. Brown, 2 Sneed, 437.

    Code cited: Secs. 3455, 3474, 3543.

---

FROM HAYWOOD.

---

Appeal from the Chancery Court. JAMES FENTRESS, Chancellor.

A. D. BRIGHT for complainant.

LEA & LIVINGSTON for defendants.

DEADERICK, J., delivered the opinion of the Court.

The bill in this case was filed in the Chancery Court at Brownsville to enforce the Mechanic's lien upon a house and lot at Brownsville as the property of Capell. Defendant Cain contracted with Capell to build the house, and before Cain began work upon

it, entered into a written contract with the complainants to do the painting and to furnish all the materials, for which he agreed to give them $325.

Capell resists his liability to complainants, upon the ground that he had no contract in writing or otherwise with complainants by which he bound himself to pay them, nor was he in any way notified, until after he had paid Cain in full, that complainants looked to him for their pay.

The proof is conflicting, but we are of opinion that the weight of it shows that after complainants had entered into their contract with Cain, and before he had commenced the work, that defendants did notify the defendant Capell, verbally, that they had undertaken, with Cain, to do the painting at $325, and that they would look to him for their pay, and that he agreed with them that he would pay them the amount that Cain had contracted to give them, and deduct it from the amount he had contracted to pay Cain.

The act of 1825 (Code, secs. 1981, 1985) gives the lien in favor of any mechanic or undertaker, founder or machinist, upon land upon which a house is built or repaired, or machinery erected or furnished, by special contract with the owner or his agent, for the work done or materials furnished, for one year after the work is finished or materials furnished.

The act of 1859–60 (Code, sec. 1981 *a*) extended the benefit of sec. 1981 of the Code to *all* persons doing any portion of the work or furnishing any portion of the material for the building, etc.

By sec. 1986, act of 1845, journeymen and other persons, to have the benefit of the lien of the act of 1825, were bound to give notice in writing to the owner of the land, when they began work or furnished materials, of their intention to rely upon the lien. But the act of 1859–60 puts all *persons* doing work or furnishing materials, upon the same footing with mechanics or undertakers, when the work is done or materials furnished by special contract with the owner of his land or his agent, and no notice in writing is necessary to create the lien under the act of 1825, sec. 1981; and to this extent the act of 1859 is a virtual repeal of the act of 1845 (Code, sec. 1986), under which a notice in writing was necessary to create the the lien in favor of journeymen or other persons employed by mechanics, founders and machinists to work on the buildings, etc.

If materials are furnished or work done by contract with the undertaker, the lien is given to the person furnishing the materials or doing the work in preference to said undertaker, if furnished or done "by special contract with the owner or his agent." 2 Swan, 136. What is meant by the terms "special contract with the owner," etc., is stated to be nothing "more than an employment and undertaking to do the work." 2 Swan, 315; 1 Col., 541.

By the act of 1859–60 (sec. 1981 *a* of Code), sec. 1981 was so amended as to give the benefits of said last named section to all persons doing any portion of the work or furnishing any portion of the materials for the building, etc.; so that now, equally with

McLeod & McGrath *v.* Capell.

contractor or undertaker, such persons have the benefit of a lien upon the land, if they, by "special contract with the owner," are "employed and undertake to do the work."

We are of opinion that it was not necessary to the validity of the lien that written notice to the owner of an intention to rely upon it should be given.

At the August term, 1873, at which term the final decree was pronounced, defendant Capell entered a motion to quash the attachment, for the reasons that the attachment was in the nature of an ancillary attachment, and failed to show upon its face the several recitals, which have been repeatedly held by this court to be necessary to the validity of an ancillary attachment.

We do not think there is anything in this objection.

This lien is enforced by attachment sued out at law, or in equity, upon bill or petition, under oath, setting forth the facts, and proceeded with under the provisions of the preceding chapter. Code, ch. 11, art. 2, sec. 3543.

While it has been held that the attachment issued to enforce the mechanic's lien is auxiliary and collateral to the original process in the case, and that personal service of process must be had, except in cases in which original attachment would lie, still it is manifest that the attachment is not issued for any of the causes enumerated in sec. 3455. The lien may be enforced by bill in equity setting out the facts and sworn to, and, on bond and security being given, the

attachment issues with subpœna to answer—the attachment in the form, substantially, prescribed in sec. 3474; or, as held in *Brown* v. *Brown*, 2 Sneed, 437, it may be incorporated with the leading process, so that it distinctly appear and be levied on the property.

It certainly was not intended to require the recitals in the attachment and affidavit, held necessary in ancillary attachments, and the affidavit, as the facts are required to be stated in the bill and sworn to, and the attachment is authorized solely because of the subsisting lien, and for this cause only, it is allowed to issue upon facts stated in the bill.

The decree of the Chancellor overruling the motion to quash, and referring the cause to the master to ascertain the amount due complainants, will be affirmed, and the cause will be remanded for taking said account and for further proceedings.